UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD P. GAMBINO, et al., | * |
| Plaintiffs, | * |
| v. | * |
| RADIANT ELECTRIC, LLC, | *   Civil Action No. 17-cv-10034-ADB |
| Defendant, | * |
| and | * |
| PEOPLE'S UNITED BANK, N.A., | * |
| Trustee. | * |

## ORDER GRANTING MOTION FOR POST-JUDGMENT ATTACHMENT BY TRUSTEE PROCESS

BURROUGHS, D.J.

On January 18, 2018, a default judgment entered in favor of Plaintiffs against Defendant Radiant Electric, LLC in the amount of $104,639.23 in accordance with the Court's Memorandum and Order dated December 21, 2017. [ECF Nos. 19, 20]. Currently pending before the Court is Plaintiffs' motion for attachment by trustee process of the bank accounts of Defendant, maintained by People's United Bank, N.A., in the amount of the default judgment, $104,639.23. [ECF No. 24].[1]

Under Federal Rule of Civil Procedure 69, "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it

---

[1] Plaintiffs initially filed an *ex parte* motion for post-judgment attachment by trustee process [ECF No. 21], which the Court denied without prejudice. [ECF No. 23]. Plaintiff subsequently filed the instant motion and served it upon Defendant. [ECF No. 24 at 2].

applies." "[C]ourts have consistently read Rule 69(a) as limiting all federal process on money judgments to the type of process available under state law." Gabovitch v. Lundy, 584 F.2d 559, 561 (1st Cir. 1978); Rubin v. Islamic Rep. of Iran, 810 F. Supp. 2d 402, 404 (D. Mass. 2011), aff'd, 709 F.3d 49 (1st Cir. 2013) ("Rule 69 of the Federal Rules of Civil Procedure provides for resort to state-law procedures and remedies."). "Under Massachusetts law, attachment of bank accounts takes place by trustee process." Gabovitch, 584 F.2d at 561 (citing M.G.L. c. 246 and Mass. R. Civ. P. 4.2). Massachusetts Rule of Civil Procedure 4.2(c) provides the following procedure for seeking attachment by trustee process:

> No trustee summons may be served unless attachment on trustee process for a specified amount has been approved by order of the court. Except as provided in subdivision (g) of this rule [governing *ex parte* motions], the order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

In the context of post-judgment attachment by trustee process, "[o]nce plaintiff has in fact recovered judgment, it appears that the plaintiff would be able to satisfy the requirement of showing a reasonable likelihood of recovery." Core Brands, LLC v. Designer Audio Video, No. 16-cv-11830-DPW, 2017 WL 4898321, at *2 (D. Mass. Apr. 28, 2017) (citation and internal quotation marks omitted). The entry of a default judgment against Defendant, which was entered following notice and a hearing, "therefore encompasses a reasonable likelihood of success that plaintiff will recover" an amount equal to or greater than the amount of the default judgment. Id.

The affidavit filed in support of the instant motion further sets forth factual allegations to satisfy the requirements for attachment by trustee process. [ECF No. 26]. This action was initiated to recover damages caused by Defendant's failure to make employee benefit fund contributions due under a collective bargaining agreement. Id. ¶¶ 3–5. After a hearing, the Court

entered an order and a judgment in favor of Plaintiffs in the amount of $104,639.23. Id.; [ECF No. 19]. Plaintiffs now seek to enforce the judgment by attaching Defendant's bank accounts at People's United Bank, N.A., which has a usual place of business in Massachusetts. [ECF No. 26 at ¶ 8]. Defendant has failed to pay any portion of the judgment, and there is no reason to believe Defendant has liability insurance to satisfy the judgment. Id. ¶¶ 4, 7. As Plaintiffs have shown that this action is "upon a judgment" and/or "for money due under a contract in writing," they are not required to post a bond under Massachusetts General Laws Chapter 246, Section 1. Id. ¶ 6. Prior to entering the Memorandum and Order and default judgment [ECF Nos. 19, 20], Defendant did not attend the hearing or otherwise appear in the action. Since then, Defendant also has not appeared or responded to the instant motion.

For the foregoing reasons, Plaintiffs' motion for order of post-judgment attachment by trustee process [ECF No. 24] is GRANTED. The Court hereby approves an attachment on trustee process in the amount of $104,639.23 on the bank accounts of Defendant Radiant Electric, LLC maintained at People's United Bank, N.A. A summons to trustee shall issue from the Court.

**SO ORDERED.**

April 24, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE